# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

|   |   |   |
|---|---|---|
| **DELORES ANDERSON, as parent** | ) | |
| **and next of kin of H.B., a minor,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 18-0355-WS-N** |
| | ) | |
| **SAVE-A-LOT STORES, *etc.*,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER APPROVING *PRO AMI* SETTLEMENT**

This matter comes before the Court on the parties' Joint Petition for Approval of *Pro Ami* Settlement (doc. 19). The undersigned has carefully reviewed the Petition, the joint proposed order of approval (doc. 24), the parties' supporting memorandum (doc. 23), and all other aspects of the court file deemed relevant. Additionally, the Court conducted an on-the-record fairness hearing on June 18, 2019, in accordance with the requirements of Alabama law for a settlement to be binding on a minor party.[1] During that hearing, the Court heard from counsel for both parties, as well as plaintiff Delores Anderson, as parent and next of kin of H.B., as to the facts and circumstances surrounding the settlement.

This action was brought by Delores Anderson, as parent and next of kin of H.B., her minor daughter, against Save-A-Lot Stores d/b/a Moran Foods, LLC a/k/a Save-A-Lot Store No.

---

[1] "Under Alabama law, a hearing to determine the fairness of a settlement must be held in order for that settlement to be binding on a minor party, even where the minor is represented by a next friend or other guardian." *Burke v. Smith*, 252 F.3d 1260, 1265 (11th Cir. 2001) (citation omitted); *see also McCall v. Reed*, 107 F. Supp.3d 1249, 1251 (M.D. Ala. 2015) ("a settlement involving a minor may still be binding under Alabama law, but only if a judge holds a hearing with an extensive examination of the facts, to determine whether the settlement is in the best interest of the minor") (citation and internal quotation marks omitted). "Alabama law requiring a fairness hearing in order to bind a minor to a settlement agreement is a matter of state substantive law," and therefore applies in proceedings such as these, where a federal court is sitting in diversity. *Burke*, 252 F.3d at 1266.

385. Plaintiff's claims arise from allegations that H.B. slipped and fell in a puddle of chocolate milk in the aisle of a Save-A-Lot grocery store in Selma, Alabama, while she and Anderson were shopping. The Complaint alleged that the hazard had been reported to store employees, but that Save-A-Lot had failed to maintain its aisles and floors in a safe condition or to give adequate warning of the dangerous condition. The Complaint further alleged that H.B. sustained bodily injuries as a result of the slip and fall, and that she subsequently received medical treatment for pain, discomfort and reduced capacity of movement. On that basis, plaintiff asserted claims against Save-A-Lot on theories of negligence and wantonness.[2]

Plaintiff faced significant factual, legal and practical obstacles in her efforts to impose liability on and obtain a substantial recovery from Save-A-Lot. With respect to liability, defendant's evidence was that Save-A-Lot lacked prior notice of the substance on the floor, that the condition was open and obvious, and that both Anderson and H.B. were contributorily negligent because H.B. was "skipping" through the store at the time of the incident. Moreover, as to damages, H.B.'s proof was modest. Indeed, the sum total of her medical treatment consisted of a single emergency room visit two weeks after the incident, at which time she was diagnosed with a left knee contusion and right thigh pain, and was discharged to home with instructions to take ibuprofen as needed for five days. H.B.'s total medical expenses claimed in relation to the slip and fall were $3,462.47. In practical terms, plaintiff faced the possibility that litigation costs (including discovery and retention of experts) incurred in prosecuting this action might soon dwarf any reasonably likely recovery.

On April 9, 2019, the parties reported that they had compromised and settled this matter in its entirety, subject to judicial approval. (Doc. 17.) The terms of the proposed settlement include the following: (i) Save-A-Lot agreed to pay $7,500 in full and final settlement of all claims brought by Anderson, as parent and next of kin of H.B.; and (ii) the parties agreed that deductions from the settlement amount should be made for plaintiff's attorney's fees of

---

[2] Plaintiff initially filed her Complaint in the Circuit Court of Dallas County, Alabama; however, Save-A-Lot properly removed this action to federal court, predicating subject matter jurisdiction on the diversity provisions of 28 U.S.C. § 1332. The Notice of Removal confirmed the existence of complete diversity of citizenship between the parties (doc. 1, ¶ 3). Moreover, the Complaint on its face included a combined damages demand of $1.25 million, a sum well in excess of the requisite amount-in-controversy threshold under § 1332.

$1,687.50 and legal expenses of $483.26, with the remaining sum of $5,329.24 to be paid to Anderson, as parent and next of kin of H.B., for the care, treatment and benefit of H.B.

In light of the foregoing, and upon careful examination of the record facts and arguments of counsel, it is **ordered, adjudged and decreed** as follows:

1. The proposed settlement of $7,500 is **approved** as fair, just, reasonable under the circumstances, and conservative of and in the economic best interest of the minor child, H.B. In that regard, the Court concurs with the assessment of counsel, as well as the opinion testimony of Delores Anderson, as parent and next of kin of H.B., that the negotiated settlement is in the child's best interest;

2. Delores Anderson, as parent and next of kin of H.B., a minor, be and hereby is authorized to execute a receipt and release agreement in form and substance as approved by the parties' counsel of record, which release shall be valid and binding between all parties as to its terms;

3. Delores Anderson, as parent and next of kin of H.B., a minor, be and hereby is authorized to stipulate and agree to indemnify and forever hold harmless the defendant, Save A-Lot Stores, d/b/a Moran Foods, LLC a/k/a Save-A-Lot Store No. 385, Old Republic Insurance Company, SUPERVALU, Inc. and Gallagher Bassett and its or their associated companies, insureds, servants, agents, adjusters, employees, attorneys, successors, heirs, and assigns against any and all claims, demands, and actions which may now or hereafter at any time be made or instituted against them by or on behalf of any person, corporation, or entity claiming any right in or to the aforesaid payment or in and to any payment or in and to any of the proceeds of the settlement of the claims or alleged claims hereinabove mentioned or not mentioned or any claims known or unknown, past, present, or future, including, but not limited to, claims of medical providers and medical insurance carriers;

4. As noted, Defendant has denied liability. The Court finds that there are serious legal and factual issues, as well as conflicting testimony concerning liability, giving rise to substantial, genuine issues as to whether Defendant would have been found liable to Plaintiff for the matters and things charged against Defendant in the pleadings, and specifically the damages claimed by the minor, H.B.

Nothing contained in this Order Approving *Pro Ami* Settlement will operate as an admission or an acceptance or adjudication of liability by or upon the Defendant;

5. To effectuate the terms of the parties' settlement agreement, which are approved as reasonable, judgment is hereby entered in favor of Delores Anderson, as parent and next of kin of H.B., a minor, against the Defendant, Save-A-Lot Stores, d/b/a Moran Foods, LLC, a/k/a Save-A-Lot Store No. 385, in the amount of **Seven Thousand Five Hundred Dollars ($7,500.00)**;

6. Delores Anderson, as parent and next of kin of H.B., a minor, shall execute and deliver to Defendant's attorneys a receipt and Release Agreement in form and substance as approved by the parties' counsel of record. All claims against Defendant Save-A-Lot Stores, d/b/a Moran Foods, LLC, a/k/a Save-A-Lot Store No. 385, Old Republic Insurance Company, SUPERVALU, Inc., Gallagher Bassett Services, Inc., and all other persons, firms, corporations, insurance companies having any privity relationship with them, and any other persons or legal entities of any description which are liable, or might claim to be liable, to the minor Plaintiff H.B. or to her parent and next of kin, Delores Anderson, or parents for any injuries, damages, or things claimed in the above-styled lawsuit, are released and forever discharged upon payment of the settlement amount as described above;

7. Delores Anderson, as parent and next of kin of H.B., a minor, shall stipulate and agree to indemnify and forever hold harmless the Defendant, Save-A-Lot Stores, d/b/a Moran Foods, LLC, a/k/a Save-A-Lot Store No. 385, Old Republic Insurance Company, SUPERVALU, Inc., Gallagher Bassett Services, Inc., and its or their associated companies, insureds, servants, agents, adjusters, employees, attorneys, successors, heirs and assigns against any and all claims, demands and actions which may now or hereafter at any time be made or instituted against them by or on behalf of any person, corporation or entity claiming any right in or to the aforesaid payment or in and to any payment or in and to any of the proceeds of this settlement of the claims or alleged claims herein above mentioned or not mentioned or any other claims known or unknown, past, present or future,

including, but not limited to, claims of medical providers and medical insurance carriers, including Medicaid;

8. The agreed plaintiff's attorney's fees of $1,687.50 and costs of $483.26 are **approved** as reasonable, with the Court particularly noting that plaintiff's counsel accepted a 50% reduction in their customary contingency fee for slip-and-fall cases in order to facilitate the settlement and safeguard the best interests of the minor child, H.B.;

9. Defendant, Save-A-Lot Stores d/b/a Moran Foods, LLC, is directed to issue payment in the lump-sum amount of $7,500, payable to "Chestnut, Sanders and Sanders, LLC." Plaintiff's attorneys are directed to disburse and distribute payment as follows:

    a. $1,687.50 for attorney's fees payable to Chestnut, Sanders & Sanders, LLC;

    b. $483.26 for legal expenses payable to Chestnut, Sanders & Sanders, LLC;

    c. The remaining sum of $5,329.24 payable to Delores Anderson, as parent and next of kin of H.B., a minor. Anderson is cautioned that the monies paid to her as parent and next of kin of H.B. are to be used exclusively and solely for the care, treatment and benefit of H.B., a minor. They may not be used for any other purpose; and

    d. No sum shall be paid to Medicaid, as Medicaid has stated that it does not have a subrogation claim related to this incident;

10. It is further **ordered, adjudged and decreed** that all claims, demands and causes of action of whatsoever type, kind or nature for any alleged acts or omissions to act by the Defendant which were brought in the Plaintiff's Complaint or which could have been brought forth in the Plaintiff's Complaint, arising out of the accident made the basis of this suit, in any fashion are hereby expressly merged in this Order and are wholly satisfied and discharged for this merger;

11. It is further **ordered, adjudged and decreed** that this settlement should be marked satisfied upon the rendition of this Order, and that the Defendant and its

insurers and Gallagher Bassett Services, Inc. shall have no further liability to these Plaintiffs; and

12. Because the settlement and this Order conclusively resolve all claims, issues and defenses joined in this action, the Clerk of Court is directed to close this file for administrative and statistical purposes.

DONE and ORDERED this 20th day of June, 2019.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE